IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARLANDOW JEFFRIES, Movant, | :: | CIVIL ACTION NO. 1:11-CV-1581-RWS-LTW |
| v. | :: | CRIMINAL ACTION NO. 1:07-CR-311-RWS-LTW |
| UNITED STATES OF AMERICA, Respondent. | :: | MOTION TO VACATE 28 U.S.C. § 2255 |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and

Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the above time period.

**SO ORDERED**, this 24 day of October, 2011.

Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARLANDOW JEFFRIES, Movant, | :: | CIVIL ACTION NO. 1:11-CV-1581-RWS-LTW |
| v. | :: | CRIMINAL ACTION NO. 1:07-CR-311-RWS-LTW |
| UNITED STATES OF AMERICA, Respondent. | :: | MOTION TO VACATE 28 U.S.C. § 2255 |

**FINAL REPORT AND RECOMMENDATION**

Movant, pro se, challenges under 28 U.S.C. § 2255 his convictions in this Court for firearm and drug offenses. (Doc. 162.) Respondent opposes the motion. (Doc. 167). For the reasons discussed below, the undersigned recommends that Movant's motion be denied and that he be denied a certificate of appealability.

## I. Background

In May 2009, a jury in this Court convicted Movant of possession of a firearm by a convicted felon, assaulting a Deputy U.S. Marshal with a deadly weapon, using a firearm during a crime of violence, possession of cocaine and marijuana with the intent to distribute it, and possession of a firearm in furtherance of drug trafficking

crimes.[1] (Doc. 89.) The crimes occurred in June 2007 when federal and state law enforcement officers arrested Movant at his home. Movant pointed a firearm at a Deputy U.S. Marshal before he was arrested, and weapons and drugs were found in the home. Movant's defense at trial was that he did not live at the home and that the firearms and drugs belonged to someone else.

Movant was a career offender under the U.S. Sentencing Guidelines (the "Guidelines") because of his prior felony convictions.[2] (Doc. 128 at 12-13.) The prior convictions used to qualify Movant as a career offender were felony drug convictions in state court in August 2001. (Doc. 43.) Movant did not object to the use of those convictions at sentencing and, in fact, stipulated to them at trial.

The Court sentenced Movant to a total of 360 months' imprisonment and five years' supervised release. (Doc. 102.) Movant's convictions and sentence were affirmed on appeal. *United States v. Jeffries*, 378 F. App'x 961, 964 (11th Cir. 2010). Attorney Brian Mendelsohn represented Movant in initial pre-trial proceedings, and

---

[1] At sentencing, the Court granted Respondent's motion to dismiss the count regarding possession of a firearm in furtherance of drug trafficking crimes. (Doc. 128 at 2.)

[2] A "career offender" is a defendant who, among other things, has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.2.

attorney John Rutkowski represented him in later pre-trial proceedings, at trial, and at sentencing.[3]

Movant claims in his § 2255 motion that trial counsel rendered ineffective assistance in violation of his Sixth Amendment right to counsel. (*Id.* at 7-11.) Specifically, Movant alleges that trial counsel failed to:

1. adequately prepare for trial by conducting a proper pretrial investigation and interviewing witnesses;

2. move for production of a bill of particulars given the complex criminal allegations against Movant; and

3. advise Movant that he faced a career offender designation under the Guidelines and could collaterally challenge his prior state convictions that were the predicates for the career offender designation.

(*Id.*)

## II. Relevant Legal Standards

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise

[3] Movant does not mention those two lawyers by name or distinguish between them in his § 2255 claims. (Doc. 162 at 7-11.) The undersigned therefore refers to them, individually and collectively, as "trial counsel" in this Report and Recommendation.

subject to collateral attack. 28 U.S.C. § 2255. A sentence is subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697.

**III. Analysis**

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973). The record in this case conclusively demonstrates that Movant's claims lack merit and that he is not entitled to relief under § 2255.

Movant contends that in preparing for trial his counsel did not discover that the residence at issue in the case was a known drug house in a high crime area that many people frequented, did not investigate the "real phenomenon affecting African-Americans that makes some genuinely afraid of law enforcement officers," and did not locate a witness (Ali Myrick) who was at the residence on the day Movant was arrested there. (Doc. 162 at 7-9.) Movant suggests that trial counsel should have done those things in support of his defense that he did not live at the residence and did not possess or own the drugs and firearms found with him at the residence.

There was substantial evidence at trial that Movant lived at the residence at which he was arrested and at which the drugs and firearms were found. Movant was at the residence in both January and June 2007 when police were looking for him. Mail was addressed to him at the residence, his clothes and personal documents were found there, and one of the firearms at issue was found with Movant's clothes. After his arrest, Movant told police that the firearms and drugs inside the residence were his.

Nonetheless, Movant's trial counsel presented testimony from several witnesses that Movant did not live at the residence and only visited his family there. In extensive cross-examination of the law enforcement officers involved in Movant's case, trial counsel elicited that firearms found at the residence were purchased by people other than Movant and that police did not investigate people outside the residence on the day Movant was arrested there. Trial counsel also elicited testimony that no fingerprints were found on the firearms Movant was accused of possessing. Trial counsel argued to the jury that Movant drove through the road block in January 2007 because he did not have a driver's license and was afraid of being arrested.

Movant has not shown that his trial counsel's investigation was inadequate or that there is a reasonable probability that he would have been acquitted had his trial counsel discovered the things he mentions in his § 2255 motion. The evidence against

Movant on the critical issues in this case was strong, yet relatively simple in nature. Movant's trial counsel presented evidence to support his defense and undermine Respondent's evidence. Some of the purported evidence Movant contends they should have discovered, e.g., that the residence was a known drug house that numerous people frequented, conflicts with the evidence Movant presented and could have weakened his defense theory. Movant also does not explain how some of the purported evidence would have helped his case; he does not identify what evidence Ali Myrick would have provided if trial counsel had located him or explain how evidence of a legitimate fear of law enforcement because of his race would support his defense that he did not possess the drugs and firearms that were the basis of the charges against him.

There is a "strong presumption" that Movant's trial counsel's exercised reasonable professional judgment in investigating the facts of Movant's case and preparing for trial. *See Williams v. Allen*, 542 F.3d 1326, 1337 (11th Cir. 2008). Defense counsel need not investigate "every evidentiary lead." *Id.* Movant has not satisfied his burden of showing that his trial counsel's preparation for trial was inadequate and that he was prejudiced by their pre-trial decisions.

Movant's trial counsel were not ineffective for not seeking a bill of particulars

because the indictment sufficiently apprised Movant of the charges against him. Movant alleges in a wholly conclusory fashion that the seven criminal charges in the indictment were complex, the indictment was ambiguous "on specific facts," and there was limited discovery. (Doc. 162 at 9.) The entire basis for Movant's claim is that he was so overwhelmed by the indictment's allegations, which presented a "complex and incomplete picture," that neither he nor his counsel could adequately prepare to defend against them. (*Id.*) The indictment belies Movant's claim.

The indictment contained seven counts and was six pages long. (Doc. 2.) The counts tracked the language of the criminal statutes that Movant allegedly violated, identified the date of the alleged offenses, identified the drugs and specific firearms at issue, and identified the federal official that Movant allegedly assaulted and how he allegedly assaulted him. (*Id.*) The evidence Respondent presented at trial was consistent with the allegations in the indictment. The indictment was sufficient to inform Movant of the charges against him, minimize surprise at trial, and enable him to plead double jeopardy if he was later prosecuted for the same offenses, thus obviating the need for a bill of particulars. *See United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985) (discussing the purpose of a bill of particulars and noting that "[g]eneralized discovery is not the proper function of a bill of particulars"). Thus,

Movant has not shown that it was objectively unreasonable for his trial counsel not to seek a bill of particulars. Nor do Movant's allegations demonstrate that he was prejudiced by trial counsel's decision not to seek a bill of particulars. *See Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient." (quotation marks omitted)); *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) ("[A] district court is vested with broad discretion in deciding whether a bill of particulars should be granted.").

Finally, Movant has not shown that his trial counsel were ineffective for not advising him of options to collaterally challenge his 2001 state convictions that were the predicates for his federal career offender designation. Movant stipulated to those state convictions at trial and did not object to them (or any of his criminal history) when they were included in his presentence investigation report. The state convictions could not be challenged in the federal proceedings because of their age. "No person who stands convicted of an offense under [the controlled substance provisions] may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e). Movant's 2001 state convictions were more than five years old when he was indicted in this case in 2007. Thus, trial counsel were not

deficient for not challenging them in this case.

To the extent Movant's 2001 state convictions could have been collaterally challenged in state court, Movant has not shown that he was prejudiced by trial counsel's failure to tell him that he could pursue such relief in state court. Movant has offered nothing to suggest that he had valid grounds upon which to challenge the convictions in state court or that any such challenge would succeed. Movant has not alleged that he told his trial counsel of any issues with his state convictions despite knowing over a year before the trial in this case that Respondent was going to use those convictions against him. Movant's conclusory assertion that there is a reasonable probability that he could have filed a state habeas action and obtained vacatur of the state convictions before Respondent used them against him in this case is insufficient to satisfy his burden to demonstrate both deficient performance by his trial counsel and prejudice.

Movant has not demonstrated that his trial counsel's performance was constitutionally deficient or that he was prejudiced by any of their alleged failures. Thus, Movant is not entitled to relief under § 2255.

## IV. Certificate of Appealability ("COA")

Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here. As shown in Part III, *supra*, the record conclusively demonstrates that Movant is not entitled to relief, and the resolution of his claims is not reasonably debatable.

## V. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate sentence [162] be **DENIED** and that civil action number 1:11-CV-1581-RWS-LTW be **DISMISSED**. **IT IS FURTHER RECOMMENDED** that Movant be

**DENIED** a certificate of appealability.

**SO RECOMMENDED** this 24 day of October, 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE