IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| MARLANDOW JEFFRIES, | :: | |
| --- | --- | --- |
|     Movant, | :: | |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:07-CR-311-RWS-LTW |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | |

**ORDER**

Movant seeks relief under 28 U.S.C. § 2255 from his convictions and sentence in this case. An issue arose that required an evidentiary hearing. After reviewing the evidence presented at the hearing, the parties' briefs, and the applicable law, the Court denies Movant relief for the reasons discussed below.

**I.    Background**

In May 2009, the Court held a jury trial in this case. The jury convicted Movant of drug, firearm, and assault crimes. (Doc. 89.) In August 2009, the Court sentenced Movant to thirty years' imprisonment. (Doc. 102.) On May 11, 2010, the U.S. Court of Appeals for the Eleventh Circuit affirmed Movant's convictions and sentence. (Doc. 161.) Movant did not seek a writ of certiorari from the U.S. Supreme Court. (Doc. 162 at 2, 6.) Movant has been confined at the federal prison in Atlanta, Georgia since at least May 2011.

In May 2011, Movant, pro se, filed a motion challenging his convictions and sentence under 28 U.S.C. § 2255. (Doc. 162.) Movant asserted in his § 2255 motion that his trial counsel rendered ineffective assistance by failing to: (1) adequately prepare for trial; (2) move for production of a bill of particulars; and (3) advise Movant that he faced a career offender sentence enhancement and could collaterally challenge his prior state criminal convictions. (*Id.* at 7-11.) Those were the only claims in Movant's § 2255 motion. (*Id.*)

On June 21, 2011, Respondent moved for an extension of time to file its response to Movant's § 2255 motion. (Doc. 165.) In its motion, Respondent referenced only Movant's § 2255 motion filed on May 12, 2011. (*Id.*) The Court granted Respondent's motion, (Doc. 166), and Respondent filed its response on July 22, 2011, (Doc. 167). The response addressed only Movant's § 2255 motion filed in May 2011 and the three claims of ineffective assistance of counsel raised in that motion. (Doc. 167.) Movant filed no reply brief. In fact, the Court did not receive anything from Movant after he filed his § 2255 motion until the day the Court entered judgment on that motion.

On October 24, 2011, Magistrate Judge Walker issued a Final Report and Recommendation that Movant's § 2255 motion be denied and that Movant be denied

a certificate of appealability. (Doc. 168 (the "R&R").) Movant filed no objections to the R&R. On November 21, 2011, the Court adopted the R&R, denied Movant's 28 U.S.C. § 2255 motion, and entered judgment against Movant. (Docs. 169, 170.)

Also on November 21, 2011, the Court received a motion from Movant, dated November 4, 2011. (Doc. 171.) In that motion, Movant asked the Court to direct Respondent to address a supplement to the § 2255 motion that Movant purportedly filed on June 1, 2011 (the "Supplemental Filing"). (*Id.*) Movant attached to his motion the Supplemental Filing, which is titled "Petitioner's Supplemental Claims Pursuant to 28 U.S.C. 2255" and included a "certificate of mailing / service" that states that Movant deposited the Supplemental Filing in the Atlanta prison's legal mailbox on June 1, 2011 for mailing to the Court. (*Id.* at 4-8.) Prior to receiving Movant's motion on November 21, 2011, the Court had no record of Movant's Supplemental Filing.

The Supplemental Filing asserts three new claims for relief under § 2255: (1) Movant's trial counsel provided ineffective assistance by failing to argue that Movant's prior state convictions used to qualify him as a career offender under the U.S. Sentencing Guidelines (the "Guidelines") should have been treated as only one conviction because the state convictions were related and consolidated for sentencing;

3

(2) Movant's trial counsel provided ineffective assistance by not informing Movant of the strength of Respondent's case, thus leading Movant to reject Respondent's plea bargain before trial; and (3) Movant's appellate counsel provided ineffective assistance by not raising the previous two issues on appeal. (*Id.* at 4-7.) The Court treated Movant's motion for an order directing Respondent to respond to the Supplemental Filing as a motion to amend Movant's § 2255 motion to assert additional claims. (Doc. 172.)

On July 26, 2012, the Court held an evidentiary hearing on the issues of whether Movant timely filed his Supplemental Filing and whether Movant received ineffective assistance of counsel that caused him to reject Respondent's plea deal before trial. (Doc. 188 (transcript of hearing).) Appointed counsel represented Movant at the hearing. Two days before the hearing, Movant's counsel filed a motion to amend the § 2255 motion to add another claim and expand the scope of the hearing to include that claim. (Doc. 185.) The proposed new claim is that Movant's trial counsel improperly failed to investigate Movant's state criminal record to discover mitigating evidence about Movant's prior convictions that would have provided a basis for avoiding the career offender sentence enhancement under the Guidelines. (*Id.*) The purported mitigating evidence was that two of Movant's prior state convictions involved only the

4

sale of small quantities of marijuana, facts which Movant contends were over represented for purposes of applying the career offender enhancement. (*Id.*)

## II. Section 2255's Statute Of Limitations

A one-year statute of limitations applies to a § 2255 motion. 28 U.S.C. § 2255(f). The limitations period runs from the date on which the judgment of conviction becomes final, unless unlawful government action impeded the filing of the § 2255 motion, the movant asserts a right newly recognized by the U.S. Supreme Court and made retroactively applicable to cases on collateral review, or the movant discovered facts supporting the claim that could not have been discovered earlier with due diligence. *Id.* None of the latter situations apply here, so the one-year limitations period began on the date Movant's judgment of conviction became final.

A judgment of conviction becomes final when all appeals have been decided or the time to seek further review has expired. *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003). If a federal defendant does not seek a writ of certiorari in the U.S. Supreme Court, "'a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.'" *Id.* (quoting *Clay v. United States*, 537 U.S. 522 (2003)). A petition for a writ of certiorari must be filed in the Supreme Court within ninety days

5

of the appellate court's entry of judgment – not its later issuance of the mandate. *Id.* at 1285 ("[T]he date of the issuance of the mandate is irrelevant for determining when a certiorari petition can be filed, and, therefore, irrelevant for determining finality under § 2255"); *see* Sup. Ct. R. 13(3).

The one-year limitations period also applies to any supplemental claims raised after an original § 2255 motion is filed. *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003). Supplemental claims that relate back, under Federal Rule of Civil Procedure 15(c), to the claims in the original, timely motion may be filed after the limitations period has expired. *Id.* A supplemental claim raised after the limitations period has expired relates back if it arises from the same set of operative facts as the claims in the original motion. *Id.*; *see Mayle v. Felix*, 545 U.S. 644, 659 (2005) ("[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims."). "[T]o relate back, an untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding." *Farris*, 333 F.3d at 1215. "[N]ew claims alleging different trial errors [are] not part of the same course of conduct, and, as such, [do] not relate back to the date of the . . . timely filed § 2255 motion." *Id.*

6

Prisoners proceeding pro se use the prison's mail system to mail documents to a federal court. Those filings are deemed filed with the court on the date the prisoner gave the document to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). When the date the prisoner says he gave a filing to prison officials for mailing is disputed, the government bears the burden of proving that date is incorrect. *Natson v. United States*, No. 10-13045, 2012 WL 3793000, at *1 (11th Cir. Sept. 4, 2012).

## III.  Analysis

Movant did not seek a writ of certiorari from the Supreme Court, so his judgment of conviction became final on August 9, 2010, ninety days after the appeals court affirmed his convictions and sentence. Section 2255's one-year limitations period began on that date and ended on August 9, 2011.[1] Movant's § 2255 motion, which the Court received in May 2011, was timely filed.

Movant's Supplemental Filing does not relate back to his timely filed § 2255 motion because the Supplemental Filing asserts different claims, i.e., it asserts different

---

[1] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

7

errors by trial counsel that do not arise from the same set of facts as the claims in the § 2255 motion. (*Compare* Doc. 162 at 7-11, *with* Doc. 171 at 4-7.) Two of the three claims in Movant's § 2255 motion asserted pre-trial errors by his trial counsel, namely that trial counsel did not adequately prepare for trial and did not seek a bill of particulars regarding the charges in the indictment. (Doc. 162 at 7-11.) The third claim was that trial counsel failed to tell Movant before trial or sentencing that he could collaterally challenge his prior state criminal convictions. (*Id.*)

The claims in the Supplemental Filing regarding appellate counsel's performance on appeal and trial counsel's failure to object at sentencing to the reported procedural history of two of Movant's prior state convictions do not arise from a common set of facts as the claims in the § 2255 motion. Movant did not assert in his § 2255 motion any errors by appellate counsel or that trial counsel erred at sentencing. (Doc. 162.) The claim in the Supplemental Filing that trial counsel did not apprise Movant of the strength of the case against him and, thus, improperly caused him to reject a plea deal also does not share the operative facts underlying the claims in the § 2255 motion. The old and new claims share only the same legal basis – ineffective assistance of counsel in violation of the Sixth Amendment – but that is insufficient under the relation back doctrine. *See Mabry v. United States*, 336 F. App'x 961, 964

(11th Cir. 2009) (holding that new claim that counsel failed at sentencing to assist court in computing correct Guidelines range did not relate back to original claim that counsel failed at sentencing to explain defendant's substantial assistance because "[a]lthough both claims involve counsel's performance at sentencing, they involve very different aspects of counsel's performance"); *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision.").

Thus, Movant's Supplemental Filing was timely only if he gave it to prison officials for mailing to the Court on or before August 9, 2011. Movant testified that he gave the Supplemental Filing to prison officials on June 1, 2011. (Doc. 188 at 16-17.) He did not send it certified mail, unlike when he mailed his § 2255 motion in May 2011. (*Id.* at 19-21.) As noted above, the Court did not receive the Supplemental Filing until November 21, 2011, when Movant attached a copy of it to a motion he filed in response to the R&R.

Niambi Williams, the correctional systems supervisor at the Atlanta prison who supervises the prison mail room and all inmate mail, testified that inmates bring their legal mail to the mail room from 6:30 a.m. to 7:30 a.m. Mondays through Friday.

9

(Doc. 188 at 8-9.) Only certified legal mail from prisoners is recorded in a log book. (*Id.* at 9-11.) No record is kept of non-certified legal mail. (*Id.* at 9-11, 14.) After collecting the prisoners' legal mail, Williams' staff takes the legal mail to the post office by 9:00 a.m. on the same day it is received from the prisoner. (*Id.* at 11.)

Based on the undisputed evidence of the Atlanta prison's routine practice of delivering all prisoner legal mail to the post office on the same day the prisoner gives it to mail room staff, along with the other evidence discussed below, the Court finds that Movant did not deliver his Supplemental Filing for mailing on June 1, 2011, the sole date he contends that he delivered it. The evidence regarding the prison's routine mailing procedures is analogous to the evidence presented in *Natson*, a recent case in which the U.S. Court of Appeals for the Eleventh Circuit found sufficient evidence negating the federal prisoner's claim that he gave prison officials his § 2255 motion for mailing on a certain day.

In *Natson*, as here, prison officials had no written records showing the date on which the prisoner gave officials his § 2255 motion. *Natson*, 2012 WL 3793000, at *2, *4. The supervisor of the prison mail room averred that all outgoing prisoner mail was delivered to the post office within twenty-four hours of receipt from the prisoner. *Id.* at *2. The prisoner's § 2255 motion was received at the post office on September

18 and delivered to the court on September 23. *Id.* at \*1. The prisoner averred that he gave the motion to prison officials on September 3, but presented no evidence to support that contention other than his own testimony. *Id.* at \*1-2. The court found the evidence, particularly the prison's "routine practice" of delivering prisoner mail to the post office within twenty-four hours of receipt, sufficient to support a finding that the prisoner did not give his § 2255 motion to prison officials before September 17. *Id.* at \*2 ("[T]he Government did present, in district court, evidence to support a conclusion that the motion was delivered at a later date than Petitioner claims.").

Here, it is undisputed that in 2011 it was the routine practice of Atlanta prison officials to deliver prisoner's legal mail to the post office within three hours of the time the prisoners gave it to them. The evidence establishes that Movant's Supplemental Filing would have been delivered to the post office on June 1, 2011 if, as he contends, he gave it to prison officials on that day. Movant presented no evidence disputing the prison's routine mail-handling practices. The Court never received the Supplemental Filing Movant says he delivered on June 1. While it may be possible that Movant gave the Supplemental Filing to prison officials on June 1, they delivered it to the post office that same day, and it then was "lost in the mail," there is no evidence of that happening

11

and, more importantly, the other evidence supports the Court's finding that Movant did not deliver the Supplemental Filing until after the R&R issued in this case.

Movant testified that both his § 2255 motion and his Supplemental Filing were equally important filings "because it's my life." (Doc. 188 at 21.) Yet when Respondent filed and served on Movant two documents after the purported June 1 filing date of the Supplemental Filing and did not reference the Supplemental Filing, Movant remained silent.[2] Respondent's filings, one on June 21 and the other on July 22, referenced only Movant's § 2255 motion and only the three claims he asserted in that motion. (Docs. 165, 167.) The filings made no mention of the Supplemental Filing or the three claims in it. (*Id.*) Three months passed after Respondent's last filing with no activity on the case docket. The next filing was the R&R in late October, which also did not reference the Supplemental Filing (because the Court did not have it at that time). (Doc. 168.) Another month passed with no filings by either party until, on November 21, the Court received Movant's motion that attached a copy of the Supplemental Filing.

---

[2] Respondent's counsel certified that both filings were served on Movant by mail on the date they were filed. (Doc. 165 at 3; Doc. 167 at 22.) Movant presented no evidence that he did not receive either filing or any other filings, from Respondent or the Court, in this case.

12

The absence of any discussion of the Supplemental Filing in the R&R issued in October apparently prompted Movant to ask the Court about the claims in the Supplemental Filing, but he did nothing in response to the absence of any discussion of the Supplemental Filing in Respondent's filings in June and July. Despite enlisting the help of two fellow inmates on his § 2255 filings and viewing those filings as very important to his life, Movant offers no explanation for waiting until he learned that the Court likely would deny him relief before simply asking what happened to the Supplemental Filing he says he delivered for mailing several months earlier. Nor does Movant offer an explanation for why he included a certificate of mailing with the Supplemental Filing he says he sent on June 1 – a detailed certificate that invokes the prison mailbox rule – but did not include a certificate with the § 2255 motion that he mailed three weeks earlier. (*See* Doc. 162; Doc. 171 at 8.) Movant did not have a certificate form for either the § 2255 motion or the Supplemental Filing, but he chose to draft a certificate for the only document whose timeliness is in question. (Doc. 188 at 21.) The Court does not find Movant's testimony regarding his Supplemental Filing credible.

In sum, the Court finds from the evidence in the record, including the evidence presented at the evidentiary hearing, that Movant did not give his Supplemental Filing

13

to prison officials for mailing on or before August 9, 2011. The Court finds that Movant first gave his Supplemental Filing to prison officials for mailing on or after November 4, 2011, the date of his post-R&R motion that included a copy of the Supplemental Filing. That date is after the § 2255 statute of limitations expired.

Finally, Movant's motion to amend his petition and expand the scope of the evidentiary hearing must be denied because the proposed new claim was raised after the statute of limitations expired and does not relate back to Movant's § 2255 motion filed in May 2011. The proposed new claim cannot relate back to the Supplemental Filing because, as explained above, the Supplemental Filing was not timely. The proposed new claim is that Movant's trial counsel was ineffective for failing to learn that two of Movant's prior state convictions involved only sales of small amounts of marijuana and, thus, that the gravity of those convictions was over represented for purposes of Movant's sentencing in this case. The only claim in Movant's § 2255 motion regarding his prior state convictions was a claim that his trial counsel was ineffective for not telling him that he could collaterally challenge those prior convictions. That original claim alleged a failure to advise Movant of applicable law, while the proposed new claim alleged a failure to investigate facts in Movant's

14

criminal history. Those claims do not share a common nucleus of operative facts. The proposed new claim does not relate back to any claim in Movant's § 2255 motion.

## IV. Conclusion

For the foregoing reasons, Movant's motion regarding his Supplemental Filing [171], which the Court construed as a motion to amend his § 2255 motion, is **DENIED** because the Supplemental Filing was untimely. Movant's motion to amend his petition and expand the scope of the evidentiary hearing [185] is **DENIED** because the proposed new claim does not relate back to a timely filed claim. Movant's motion for an order allowing him to carry legal work while being transported for the evidentiary hearing [181] is **DENIED AS MOOT**.

Movant is **DENIED** a certificate of appealability as to the issues addressed in this Order. The Court's November 21, 2011 Order denying Movant's motion under 28 U.S.C. § 2255 and denying him a certificate of appealability as to that ruling [169] is not affected by this Order.

**SO ORDERED** this  18th  day of January, 2013.

**RICHARD W. STORY**
United States District Judge

15