IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARLANDOW JEFFRIES,  ::
    Movant,  ::
                                        ::
    v.  ::  CRIMINAL ACTION NO.
                                        ::  1:07-CR-311-RWS-LTW
UNITED STATES OF AMERICA,  ::
    Respondent.  ::

## **ORDER**

Movant is a federal prisoner who was convicted and sentenced in this Court in 2009. He was confined at the federal prison in Atlanta, Georgia at all times relevant to the issues discussed in this Order.[1] On November 21, 2011, the Court denied Movant's 28 U.S.C. § 2255 motion and entered judgment against him. (Docs. 169, 170.) That same day, the Court received from Movant "Supplemental Claims Pursuant to 28 U.S.C. 2255" that Movant contends he gave to prison officials for mailing to the Court on June 1, 2011. (Doc. 171 at 4-8 (the "Supplemental Filing").) The Court had no record of Movant's Supplemental Filing before November 21, 2011 and, thus, had not ruled on the claims in the Supplemental Filing.

---

[1] Recent mail from the Court to Movant at the Atlanta prison was returned, indicating that Movant is confined elsewhere at this time. (*See* Docs. 191, 197.) Movant is represented by counsel, who is receiving Court filings on Movant's behalf.

After holding an evidentiary hearing on the timeliness of Movant's Supplemental Filing, particularly whether Movant gave it to prison officials on June 1, 2011 for mailing, the Court issued an Order finding that the Supplemental Filing was not timely filed. (Doc. 196.) Movant filed a motion for reconsideration of that Order under Federal Rules of Civil Procedure 59(e) and 60(b). (Doc. 198.)

The Court's Local Rules provide that "[m]otions for reconsideration shall not be filed as a matter of routine practice" and should be filed only when "absolutely necessary." LR 7.2E, NDGa. That is so because the Court's decisions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Brinson v. United States*, No. 1:04-CR-0128-01-RWS, 2009 WL 2058168, at *1 (N.D. Ga. July 14, 2009) (quotation marks omitted). Reconsideration of an order is an extraordinary remedy reserved for limited situations, e.g., where there is clear error or an intervening change in the law after the order is entered, and the moving party "must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003) (quotation marks omitted). Movant has not made that showing.

AO 72A
(Rev.8/82)

Movant contends that the Court's finding that his Supplemental Filing was untimely is against the great weight of the evidence and inappropriately placed the burden of proof on him. (Doc. 198 at 1-8.) The Court found that Respondent satisfied its burden of showing that Movant did not give his Supplemental Filing to prison officials for mailing on the date he said he did. (Doc. 196.) The Court's factual finding did not rest solely on the evidence presented by Respondent of the prison's routine mailing practices, but also on the Court's finding that Movant's testimony was not credible. (*Id.*) The Court explained in the Order why it found Movant's testimony not credible. (*Id.*) The Court did not shift the burden of proof to Movant, but simply considered his testimony and the other evidence he presented – which consisted of only two documents he filed with the Court pro se in January 2009 that were already in the Court's record – in finding that Respondent proved that Movant did not timely deliver his Supplemental Filing for mailing to the Court.

Movant argues that Respondent did not present evidence excluding the possibility that Movant gave his Supplemental Filing to prison officials on June 1, 2011 and the officials either did not take it to the post office or, alternatively, they took it to the post office per their routine practice and it was subsequently lost. The Court noted that possibility in its Order because there is no evidence, unlike in *Natson v.*

3

*United States*, No. 10-13045, 2012 WL 3793000 (11th Cir. Sept. 4, 2012), that the post office received the Supplemental Filing from prison officials. Relying on the dissenting judge's opinion in *Natson*, Movant thus argues that the Court should not have credited Respondent's evidence of the prison mail staff's routine practices because those practices, alone, do not definitively show when Movant gave his Supplemental Filing to prison officials. That may be true, but when combined with the evidence in the record that undermines Movant's credibility on the timeliness issue, there is a sufficient basis for the Court's factual findings. The Court did not find that *all* the evidence is in Respondent's favor and that *no* evidence supported Movant's claim. The Court found that the Supplemental Filing was not timely filed based on the preponderance of the evidence.

Part of the evidence supporting the Court's finding that Movant's testimony regarding the filing date was not credible was Movant's preparation of a certificate of service for the Supplemental Filing – the only document whose timeliness was at issue in this case – and his decision not to prepare a certificate of service for his original § 2255 motion purportedly filed just a few weeks earlier. Movant continues to argue that such evidence is insignificant because he used a preprinted form for his original § 2255 motion and that form did not include a certificate of service. Movant's

4

argument ignores that there also was no preprinted certificate of service for Movant's Supplemental Filing, which was prepared on plain paper, and neither document required a written certificate stating when Movant gave it to prison officials for mailing. It is undisputed that if either document was going to have a certificate of service, the certificate was going to have to be prepared from scratch. It also is undisputed that Movant chose to prepare a certificate of service for the Supplemental Filing that the Court received months after the statute of limitations had expired and chose not to prepare a certificate of service for his original § 2255 motion that was timely filed. Movant offered no explanation for that decision in his testimony at the evidentiary hearing or in any of his pre-hearing or post-hearing filings.[2] As discussed

---

[2] Movant contends that "it is not fair to penalize [him] . . . about his lack of an explanation to a question that was never asked by the Government, the Court, or his counsel." (Doc. 198 at 8.) The "question" was first raised by the Court in its Order dated December 16, 2011, which issued seven months before the evidentiary hearing. (Doc. 172.) The Court cited Movant's inconsistent use of certificates of service as one of "several reasons" that his claim regarding the filing date of his Supplemental Filing was "suspect." (*Id.* at 2.) Respondent also cited that evidence in its initial brief on the issue filed on February 16, 2012, five months before the evidentiary hearing. (Doc. 177 at 11.) Movant thus received fair warning of this particular evidentiary issue, yet chose to never explain, at the evidentiary hearing or otherwise, why he prepared a certificate of service for his Supplemental Filing and did not prepare one for his original § 2255 motion. His repeated statement that the original § 2255 motion did not contain a preprinted certificate form is a response that does not answer the question.

in the prior Order, that is but one piece of evidence that led the Court to conclude that Movant's testimony on the timeliness issue was not credible.

Movant also argues in his motion for reconsideration that the Court erred in finding that the new claim he raised two days before the evidentiary hearing did not relate back to the claims he raised in his original § 2255 motion. (Doc. 198 at 8-9.) Movant contends that the new claim – that his trial counsel failed to investigate the facts underlying Movant's prior state crimes – shares the same set of facts as the claim in his original motion – that his trial counsel failed to tell him that he could collaterally challenge the state convictions – because in both cases "trial counsel failed [to] properly handle [Movant's] . . . prior convictions." (*Id.*); *see* Docs. 162, 185. If considered at such a broad, general level, the two claims would appear factually related. The law regarding relation back of claims in § 2255 proceedings does not support such a broad characterization of the claims, however. *See Mayle v. Felix*, 545 U.S. 644, 659 (2005) ("[R]elation back depends on the existence of a common 'core of *operative* facts' uniting the original and newly asserted claims." (emphasis added)); *Mabry v. United States*, 336 F. App'x 961, 964 (11th Cir. 2009) (holding that new claim that counsel failed at sentencing to assist court in computing correct Guidelines range did not relate back to original claim that counsel failed at sentencing to explain

6

defendant's substantial assistance because "[a]lthough both claims involve counsel's performance at sentencing, they involve very different aspects of counsel's performance"); *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003) ("[N]ew claims alleging different trial errors [are] not part of the same course of conduct, and, as such, [do] not relate back to the date of the . . . timely filed § 2255 motion.").

Like the two claims of ineffective assistance of counsel at sentencing at issue in *Mabry*, Movant's two claims of ineffective assistance of counsel regarding his state criminal convictions "involve very different aspects of counsel's performance." *See Mabry*, 336 F. App'x at 964 (so holding although both claims involved counsel's communications with the court at sentencing). The facts pertinent to Movant's claim that his counsel failed to advise him that he could challenge the state convictions involve communications counsel had with Movant in counsel's role as legal advisor. The facts pertinent to Movant's new claim that his counsel did not review the state court records to learn the facts underlying the state convictions involve counsel's independent actions in his role as factual investigator. (*See* Doc. 185 at 6 (claiming that trial counsel "performed no investigation into [Movant's] . . . criminal history and did not obtain the transcripts of the predicate [state] offenses").) Whether counsel should have discovered for purposes of sentence mitigation that some of Movant's

7

state convictions were for the sale of small quantities of drugs is a different factual issue from whether counsel should have advised Movant that there was a legal avenue to collaterally challenge the state convictions. In short, "the claims do not have core facts that coincide." *See Mabry*, 336 F. App'x at 964.

For the foregoing reasons, Movant's motion for reconsideration [198] is **DENIED**.

**SO ORDERED** this __11th__ day of February, 2013.

*/s/ Richard W. Story*
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)